Plaintiff, owner and holder of a judgment against the defendant, W.W. Stanfield, brought this suit against said Stanfield and his wife for the purpose of setting aside a dation en paiement from the said W.W. Stanfield to his wife, Goldie Rivers Stanfield, on the ground that the same was a simulation and therefore of no force and effect; to cancel the same from the records of Sabine Parish, and to decree the real estate purportedly transferred by said dation en paiement subject to execution under petitioner's judgment; in the alternative, if the consideration for the dation en paiement should be held valid, that such dation en paiement be decreed in fraud of plaintiff's rights as a creditor as effecting an illegal preference; that the same be voided and set aside, and the property purportedly transferred thereby be decreed subject to execution of plaintiff's judgment.
Since the history of the relations between plaintiff and the defendants involves many matters pertinent to a consideration of the matter at hand, it is necessary to set forth the facts disclosed by the record, even at the risk of burdening this opinion with excessive detail.
Defendants were married in the year 1923. By various deeds of conveyance executed in the years 1924, 1925 and 1926 the defendant, W.W. Stanfield, became the owner of two tracts of farm land, which were burdened with mortgages securing indebtedness to the Federal Land Bank of New Orleans, plaintiff herein, the unpaid balance of which indebtedness was assumed by the said defendant not only in the deeds of conveyance but by execution of formal instruments, delivered to the Federal Land Bank, evidencing said assumption.
Becoming delinquent in payment of installments on the loans, the defendant, W.W. Stanfield, executed applications for re-amortization, deferment or extension of said installments, notwithstanding the granting of which he found it impossible to continue payments in accordance with the loan agreements, and under foreclosure proceedings the creditor caused the properties to be seized and sold. On the 17th day of August, 1940, at sheriff's sale, one tract of land was purchased by the seizing creditor, Federal Land Bank of New Orleans, plaintiff herein, for the price and sum of $150, and, similarly, at sale of November 16, 1940, the other tract of land was purchased for the price and sum of $175. Subsequently, on February 21, 1941, the Federal Land Bank of New Orleans brought suit for a deficiency judgment in the principal sum of $1,322.91, which suit was not contested, and judgment was rendered therein in the amount prayed for on the 17th day of April, 1941. It is in the attempt to uncover additional property which may be levied upon in satisfaction of this deficiency judgment that plaintiff brings this suit to set aside the dation en paiement.
On March 17, 1941, the defendant, W.W. Stanfield, executed an act of dation en paiement conveying certain real estate to his wife, Goldie Rivers Stanfield, in consideration of the satisfaction of an indebtedness of $600 brought into the *Page 656 
marriage by his said wife, and used by him in his private affairs and business.
There is no question but that the act of dation en paiement was executed subsequent to the filing of suit praying for deficiency judgment and after actual service of citation.
As the basis for the suit now before this Court, plaintiff contends that the dation en paiement was a simulation devoid of any consideration and made for the purpose of placing the property involved therein beyond the reach of creditors, particularly of this plaintiff, and thereby defeating the satisfaction of the deficiency judgment which plaintiff was in process of procuring in the suit then pending.
As an alternative, plaintiff contends that even if a valid consideration existed in support of the act of dation en paiement, nevertheless, at the time of the execution of said act the defendant, W.W. Stanfield, was insolvent to the knowledge of defendant, Goldie Rivers Stanfield, and that the act of dation en paiement was therefore subject to annulment as being a fraudulent attempt to give illegal preference to the said Goldie Rivers Stanfield over the other creditors of the said defendant, W.W. Stanfield, and particularly of plaintiff.
The record establishes certain definite and uncontradicted facts, and the only questions that arise as to the facts involve the establishment vel non of a valid and subsisting consideration for the execution of the act of dation en paiement.
Counsel for plaintiff in brief and oral argument zealously and earnestly contends that no real consideration was established. Recognizing the difficulty of his position with reference to affirmative proof of failure of consideration, counsel contends that the burden of proof rests upon the defendants to establish the bona fide nature of the transaction, the existence of a real debt, and the satisfaction thereof. In support of his argument along this line counsel comments upon the fact that the only evidence of the existence of the debt by the husband to the wife is found in the testimony of the husband, the wife, and the wife's father. He would disregard the testimony of these witnesses on the ground of the close existing relationship, the natural interests of all parties, and, in addition, because of certain discrepancies in the testimony of these parties with regard to the details of the transactions giving rise to the acquisition of the approximate amount of the consideration by the wife and the use thereof by the husband.
It cannot be denied that a reading of the testimony in the record brings to light certain points of conflict and discloses certain discrepancies in the testimony of these witnesses. However, it is a matter of common knowledge that transactions between parent and child, and husband and wife, particularly with reference to sums and amounts of money which may be looked upon as insubstantial, are ordinarily not accompanied by all the niceties and details of formal bookkeeping and accounting practices.
The testimony in this case indicates that the father, before or at the time of his daughter's marriage, delivered to her a certain sum of money, some $200 or $300, representing savings accumulated by the child out of what was referred to as her interest in the father's crops. He also gave her a pony and four head of cattle. Some years later the horse was purchased by the father from his daughter for a consideration of $100 cash. The defendants testified that the cattle were sold at various times for about $25 or $30 a head. There is also testimony to the effect that on one occasion the father gave his daughter $50 in cash, which was used for the payment of taxes on the property of the husband. All in all, the total of the cash gifts and the sums derived from the sale of the stock very closely approach the figure of $600 which is recited in the act of dation en paiement. Unquestionably, this was not the exact amount, but, certainly, there is no appreciable margin of difference either above or below this figure. It is noted that plaintiff has made no attack upon the value of the property conveyed in the act of dation en paiement as being excessively disproportionate to the recited indebtedness of $600, and it therefore follows that if the amount of $600, or substantially such amount, was actually brought into the marriage or contributed from the separate and paraphernal funds of the wife, the consideration for the act of dation must be regarded as valid and subsisting.
In answer to the claim that the evidence in substantiation of these matters is subject to question because of the close relationship of the parties, we can only *Page 657 
say that such a condition is both natural and understandable. As a general rule parties outside of an intimate family group would have little reason or occasion to know of matters of this nature and character. We cannot conceive of any reason for refusing to accept testimony from such sources. Refusal to receive and evaluate the testimony of these parties could be based in this case only upon an unwarranted suspicion and distrust.
It is our opinion that the inconsistencies in the testimony of defendants and Mr. Rivers, which are pointed out in plaintiff's brief, carry no conclusion of fraud or falsehood, but on the contrary are stamped with the hallmark of veracity. A concocted scheme or plan of testimony is more likely to evidence itself in a too patent and dogmatic trend than in unimportant and easily understood inconsistencies. In this connection it must be borne in mind that the trial of this case was had more than a year after filing of the petition, and the evidence in connection with the sources of the wife's funds and their application by the husband took place approximately twenty years before suit. It would indeed be remarkable to the point of suspicion if, in the absence of written records and accounts, the parties had been able to testify with certainty and exactitude upon the facts involved.
The testimony on behalf of the defendants, in our opinion, is more than sufficient to establish the validity of the consideration recited in the act of dation en paiement. Since this has not been rebutted, the facts must stand as proven, and, without question, such proof is determinative of the question of fact presented in this case.
Counsel for plaintiff in brief concede that the law favors restitution to the wife by the husband in settlement of her just claims against him, and further concede that the insolvency and financial embarrassment of the husband cannot be invoked to destroy the validity of a transaction involving such restitution. By reason of these concessions it is apparent that plaintiff has abandoned attack upon the act of dation en paiement as a simulation and has further abandoned the alternative contention of fraud of plaintiff's rights as a creditor effecting an illegal preference, at least, to the extent of restricting its attack upon the validity of this transaction to the question of the reality of consideration.
Since we have reached the conclusion that a real, valid and pre-existing indebtedness by the husband to the wife, in an amount equivalent to the consideration recited in the act of dation, actually existed and has been established by the evidence in this case, it necessarily follows that plaintiff's attack upon the instrument must fail.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.